IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JASON W. KLEIN, | ) | 4:07CV3076 |
| | ) | |
| Plaintiff, | ) | |
| vs | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| THE GOODYEAR TIRE AND | ) | |
| RUBBER COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff, Jason W. Klein ("Klein"), worked for the defendant, The Goodyear Tire and Rubber Company ("Goodyear"), from November 7, 1989, until December 9, 2002, when he was terminated for insubordination after he refused to turn off a recording device during a meeting with a Goodyear official. Klein claims that he was fired in retaliation for complaining that Goodyear had violated the Clean Air Act and the Occupational Safety and Health Act during 2002.

This action was filed in the District Court of Lancaster County, Nebraska, on October 20, 2006, and was removed to federal court on March 26, 2007, based on diversity jurisdiction.[1] Klein's complaint is construed as having been filed under the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. §§ 48-1101 to 48-1125. Specifically, Klein is claiming that he was terminated because he opposed practices that were unlawful under federal law. *See* Neb. Rev. Stat. § 48-1114(3).

On March 12, 2003, Klein filed a retaliation charge with the Nebraska Equal Opportunity Commission ("NEOC"). The charge was dismissed on November 17,

---

[1] Klein filed a previous complaint in the Lancaster County District Court on January 19, 2005, that was dismissed without prejudice on March 24, 2005.

2003, after the NEOC determined that Klein's NFEPA claim was precluded by an adverse decision rendered by an administrative law judge on June 27, 2003, in connection with a whistleblower complaint that Klein filed with the United States Department of Labor ("DOL") on January 8, 2003.

Goodyear has filed a motion for summary judgment and, in accordance with our local rules, has included in its supporting brief a statement of material facts, consisting of 20 numbered paragraphs with appropriate references to the pleadings, affidavits, and other filed evidentiary materials. (Filing 24, pp. 2-8.) *See* NECivR 56.1(a). Because Klein has not responded to the motion, Goodyear's statement of material facts is deemed admitted.[2] *See* NECivR 56.1(b)(1) ("Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response.") (emphasis in original).

Goodyear advances three reasons for granting summary judgment: (1) Klein's action is barred by the statute of limitations because it was not filed within 90 days after receiving notice of the NEOC's dismissal of his retaliation charge; (2) Klein's action is barred by res judicata principles because he did not appeal from the DOL's adverse decision on his whistleblower complaint; and (3) Klein's action is without merit because he cannot show a causal connection between his protected activity and his termination, and because he cannot show that Goodyear's stated reason for his termination was pretextual. I will grant the motion for the first reason and not consider the other two.

"A written charge of violation of the Nebraska Fair Employment Practice Act shall be filed within three hundred days after the occurrence of the alleged unlawful employment practice . . . ." Neb. Rev. Stat. § 48-1118(2). "The deadline for filing an

---

[2] Other material facts that Goodyear has scattered throughout its brief are not deemed admitted by reason of Klein's failure to respond.

action directly in the district court is ninety days after the complainant receives notice of the last action the commission will take on the complaint or charge." Neb. Rev. Stat. § 48-1120.01 (effective August 31, 2003).

The evidence shows that Klein filed a retaliation charge with the NEOC less than 300 days after his termination, but that he failed to bring this court action within 90 days after receiving notice of the NEOC's dismissal of that charge. Klein received the notice on November 18, 2003, but did not initiate this action until almost three years later, on October 20, 2006.[3] Because it plainly appears that the action is time-barred, Goodyear's motion for summary judgment will be granted.

Accordingly,

IT IS ORDERED that Defendant's motion for summary judgment (filing 23) is granted, and Plaintiff's action is dismissed with prejudice.

January 22, 2008.    BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge

---

[3] The previously filed court action was not timely, either.